## IFPTE LOCAL 400

v.

## STATE of Rhode Island.

### No. 93–592–C.A.

Supreme Court of Rhode Island.

Nov. 10, 1994.

Fred Marzilli, East Providence.

John B. Affleck, Providence.

## ORDER

This matter came before the Supreme Court on November 1, 1994, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided.

The defendant, the state of Rhode Island Department of Transportation (DOT), appeals from a Superior Court order granting plaintiff, International Federation of Professional and Technical Engineers, Local 400's motion to confirm an arbitration award and denying DOT's motion to vacate the award. DOT contends the trial justice erred in confirming the arbitrator's decision as the arbitrator disregarded the contract at issue and thereby reached a completely irrational result.

We have frequently stated that:

"[O]ur judicial authority to vacate arbitration awards is limited. Absent a manifest disregard of a contractual provision or a completely irrational result, the award will be upheld. Moreover, as long as an arbitrator's award " 'draws its essence' from the contract and is based upon a 'passably plausible' interpretation of the contract, it is within the arbitrator's authority and our review must end." *Jacinto v. Egan,* 120 R.I. 907, 912, 391 A.2d 1173, 1176 (1978) * * *." *Town of Coventry v. Turco,* 574 A.2d 143, 146 (1990).

After reviewing the arbitrator's decision we find that the arbitrator neither disregarded the terms of the contract nor did he reach

an irrational result. Accordingly we hold that the trial justice did not err in affirming the arbitrator's award.

Consequently, after hearing the arguments of counsel and reviewing the memoranda that the parties submitted, this court concludes that cause has not been shown. The appeal by DOT is denied and dismissed and the order appealed from is affirmed.